UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

SHAVELL BRADEN,
on behalf of herself and
all others similarly situated,                           Case No. 18-cv-1738

        Plaintiff,                                    **COLLECTIVE AND CLASS**
  v.                                                   **ACTION PURSUANT TO**
                                                       **29 U.S.C. §216(b) AND**
METRO NORTHWEST, LLC                                   **AND FED. R. CIV. P. 23**

        Defendant.

---

## COMPLAINT

---

## PRELIMINARY STATEMENT

1.    This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiff, Shavell Braden, against Defendant, Metro Northwest, LLC.

2.    Plaintiff brings her FLSA and WWPCL claims and causes of action against Defendant on behalf of herself and all other similarly-situated current and former Sales Associates of Defendant for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

3. Defendant operated (and continues to operate) an unlawful compensation system that deprived current and former Sales Associates of their wages earned for all compensable work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek. Specifically, Defendant's unlawful compensation system failed to compensate Sales Associates, including Plaintiff, at an overtime rate of pay (time and one-half of the regular rate(s) of pay) for all hours worked in excess of forty (40) in a workweek.

4. Defendant's deliberate failure to compensate its Sales Associates at an overtime rate of pay violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

6. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant have substantial and systematic contacts in this District.

## PARTIES AND COVERAGE

8.    Plaintiff, Shavell Braden, is an adult female resident of the State of Wisconsin with a post office address of 1707 Marliz Drive, Waukesha, Wisconsin 53189.

9.    Defendant, Metro Northwest, LLC, was, at all material times herein, a commercial entity with a principal address of 1733 Sterling Drive, Sycamore, Illinois 60178.

10.    During the relevant time periods as stated herein, Defendant's registered agent for service of process in the States of Illinois and Wisconsin was Kyle Benson, 1733 Sterling Drive, Sycamore, Illinois 60178.

11.    Defendant is a cellular and mobile phone service company.

12.    Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant owned, operated, and managed approximately thirteen (13) locations in the States of Illinois and Wisconsin, including the location(s) where Plaintiff worked during her employment with Defendant.

13.    For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

14.    For purposes of the WWPCL, Defendant was an "employer" of Plaintiff, and Plaintiff was "employed" by Defendant, as those terms or variations thereof are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

15.    During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or their employees were engaged in "commerce," as that term is defined under the FLSA.

16.    During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

17. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

18. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

19. Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

20. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff worked as a Sales Associate at more than one of Defendant's Wisconsin locations.

21. Plaintiff brings this action on behalf of herself and all other similarly-situated current and former Sales Associates who work at, worked at, and/or were employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff performed similar job duties as other current and former Sales Associates who work at, worked at, and/or were employed by Defendant and who were subjected to Defendant's same unlawful policies as enumerated herein.

22. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other current and former Sales Associates on whose behalf she brings this Complaint performed compensable work on behalf of Defendant and at the direction of Defendant and/or with Defendant's knowledge.

23. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant supervised Plaintiff's and all other Sales Associates' day-to-day activities.

24.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant had the ability and authority to hire, terminate, promote, demote, and suspend Plaintiff and all other Sales Associates.

25.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant had the ability and authority to review Plaintiff's work performance and the work performance of all other Sales Associates.

26.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established Plaintiff's and all other Sales Associates' work schedules and provided Plaintiff and all other Sales Associates with work assignments and hours of work.

27.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established the terms, conditions, work rules, policies, and procedures by which Plaintiff and all other Sales Associates abided in the workplace, including those work rules, policies, and procedures found in Defendant's "Employee Handbook."

## GENERAL ALLEGATIONS

28.     In approximately December 2017, Defendant hired Plaintiff as a Sales Associate.

29.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), all other Sales Associates who worked at Defendant's locations were hired by Defendant.

30.     During the entirety of Plaintiff's employment with Defendant, Plaintiff performed compensable work in the position of Sales Associate.

31.     Plaintiff performed compensable work in the position of Sales Associate on behalf of Defendant and/or at Defendant's direction during the entirety of her employment with Defendant.

32.     During the entirety of Plaintiff's employment with Defendant in the position of Sales Associate, she was a non-exempt employee.

33.     During the entirety of Plaintiff's employment with Defendant in the position of Sales Associate, Defendant compensated Plaintiff on an hourly basis and with an hourly rate of pay.

34.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), all other Sales Associates who worked at Defendant's locations were employed in non-exempt positions and compensated on an hourly basis and with and hourly rate of pay as part of Defendant's sales process.

35.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained employment records and other documentation regarding Plaintiff and all other Sales Associates.

36.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other Sales Associates.

37.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for compensating Plaintiff and all other Sales Associates for remuneration earned.

38.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other Sales Associates' job duties were similar, if not identical: to make sales of Defendant's products and/or services to its customers and/or third parties at or inside Defendant's physical store locations.

39.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other Sales Associates' job duties did not directly relate to Defendant's management or general business operations.

40.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Sales Associates did not compare or evaluate possible courses of conduct and did not act or make decisions regarding matters of significance after considering various possibilities.

41.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Sales Associates did not have authority to make an independent choice, free from immediate direction or supervision, or to waive or deviate from Defendant's established policies and/or procedures without Defendant's prior approval.

42.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Sales Associates did not manage, run, or operate any department or division of Defendant.

43.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), no other employees of Defendant reported directly to Plaintiff or any other Sales Associates.

44.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Sales Associates did not have the authority or actual ability to hire, fire, demote, promote, and/or establish the terms and conditions of any other employees' employment at Defendant.

45.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other Sales Associates' job duties did not require advanced knowledge, prolonged or specialized intellectual instruction, or invention, imagination, originality, or talent.

46.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not compensate Plaintiff and all other Sales Associates with commissions or bonus payments that exceeded at least half of their total earnings in a representative period.

47.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Sales Associates were not highly compensated or highly commissioned employees.

48.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Sales Associates frequently worked in excess of forty (40) hours per workweek.

49.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew or had knowledge that Plaintiff and all other Sales Associates frequently worked in excess of forty (40) hours per workweek.

50.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant tracked and/or recorded Plaintiff's and all other Sales Associates' actual hours worked each workweek.

51.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other Sales Associates on a bi-monthly basis via paycheck.

52.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) and upon information and belief, Defendant did not have an established workweek for FLSA and WWPCL purposes.

53.     Plaintiff brings this action on behalf of herself and all current and former non-exempt Sales Associates of Defendant who were employed at any of their locations in the States of Illinois and Wisconsin within the last three (3) years from the date of filing of this Complaint and who were subject to the same unlawful policies, practices, customs, and/or schemes, including Defendant's failure to compensate all Sales Associates, including Plaintiff, for all compensable work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek.

54.     Plaintiff and all other current and former non-exempt Sales Associates of Defendant on whose behalf she brings these FLSA and WWPCL claims and causes of action in this Complaint were non-union employees of Defendant.

55.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Sales Associates were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

56.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not compensate Plaintiff and all other Sales Associates at an overtime rate of pay (including at the correct overtime rate of pay) for all hours worked and work performed in excess of forty (40) hours in a workweek.

57.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) and in addition to hourly or regular rate(s) of pay, Defendant also did not factor other non-discretionary forms of compensation, such as performance bonuses, commissions,

attendance bonuses, hiring/retention bonuses, incentives, and/or other monetary rewards, into Plaintiff's and all other current and former non-exempt Sales Associates' regular rates of pay for overtime purposes.

58.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not properly and lawfully compensate Plaintiff and all other Sales Associates for all work performed and for hours actually worked, including at an overtime rate of pay (including at the correct overtime rate of pay) for all hours worked in excess of forty (40) in a workweek.

59.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's unlawful pay practices as described herein resulted in Plaintiff and all other Sales Associates being deprived of overtime pay for all hours worked in excess of forty (40) in a workweek.

60.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant was or should have been aware that its policies in practice did not properly and lawfully compensate Plaintiff and all other Sales Associates at an overtime rate of pay (including at the correct overtime rate of pay) for all hours worked in excess of forty (40) in a workweek.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

61.     Plaintiff brings this action on behalf of herself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b).  The similarly situated employees include:

> **FLSA Collective**:   All current and former non-exempt Sales Associates employed by Defendant within the three (3) years prior to this action's filing who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay.

62.     Plaintiff and the FLSA Collective primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

63.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's pay practices failed to compensate Sales Associates, including Plaintiff, at an overtime rate of pay (time and one-half of the regular rate(s) of pay) for all hours worked in excess of forty (40) in a workweek.

64.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's pay practices failed to include all forms of non-discretionary compensation in Plaintiff's and all other current and former non-exempt Sales Associates' regular rates of pay for overtime compensation purposes.

65.     Defendant's deliberate failure to properly compensate its non-exempt Sales Associates in such a fashion violates federal law as set forth in the FLSA.

66.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other current and former non-exempt Sales Associates with, in addition to an hourly or regular rate(s) of pay, other non-discretionary

forms of compensation, such as performance bonuses, commissions, attendance bonuses, hiring/retention bonuses, incentives, and/or other monetary rewards.

67. The non-discretionary forms of compensation with which Defendant routinely compensated Plaintiff and all other current and former non-exempt Sales Associates were in the form of performance bonuses, commissions, attendance bonuses, hiring/retention bonuses, incentives, and/or other rewards.

68. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant routinely compensated Plaintiff and all other current and former non-exempt Sales Associates with performance-based non-discretionary forms of compensation on at least a monthly basis. These non-discretionary forms of compensation were made pursuant to a known plan (performance or productivity) or formula and/or were announced and known to Plaintiff and all other current and former non-exempt Sales Associates to encourage and/or reward their steady, rapid, productive, safe, consistent, regular, predictable, and/or efficient work performance.

69. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant failed to include the aforementioned non-discretionary forms of compensation in Plaintiff's and all other current and former non-exempt Sales Associates' regular rates of pay when determining overtime compensation due to them during workweeks when said employees worked more than forty (40) hours during the representative time period.

70. Defendant's unlawful practice as it relates to non-discretionary compensation failed to compensate and deprived Plaintiff and all other current and former non-exempt Sales Associates of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

71.     Defendant was or should have been aware that its unlawful practice as it relates to non-discretionary compensation failed to compensate and deprived Plaintiff and all other current and former non-exempt Sales Associates of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

72.     Plaintiff's FLSA Cause of Action is brought under and maintained as opt-in Collective Actions Pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the FLSA Collective, and this Cause of Action may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

73.     Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements, and/or pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them properly and lawfully with overtime compensation. Plaintiff's claims and causes of action as stated herein are the same as those of the FLSA Collective.

74.     Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among any other FLSA violations, Defendant's practice of failing to compensate the the FLSA Collective at an overtime rate of pay (time and one-half of the regular rate(s) of pay) for all hours worked in excess of forty (40) in a workweek, and failing to include all non-discretionary compensation in the FLSA Collective's regular rates of pay for overtime calculation purposes.

75.     The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective via first class mail to the last

address known by Defendant and through posting at Defendant's locations in areas where postings are normally made.

76. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

77. Plaintiff brings this action on behalf of herself and all other similarly situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23. The similarly situated employees include:

> **Wisconsin Class**: All current and former non-exempt Sales Associates employed by Defendant within the two (2) years prior to this action's filing who have not been compensated for all hours worked in a workweek at the proper, correct, and/or lawful overtime rate of pay.

78. The Wisconsin Class members are readily ascertainable. The number and identity of the Wisconsin Class members are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each Wisconsin Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

79. The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over thirty (30) members of the Wisconsin Class.

80. Plaintiff's claims are typical of those claims which could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief which would be

sought by each member of the Wisconsin Class in separate actions. All the Wisconsin Class members were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all Wisconsin Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Class member. Plaintiff and other Wisconsin Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

81. Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Class and has no interests antagonistic to the Wisconsin Class. Plaintiff is represented by counsel who is experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

82. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Wisconsin Class members to redress the wrongs done to them.

83. Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a

significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

84.     Defendant has violated the WWPCL regarding payment of wages and overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

85.     There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from Defendant's actions include, without limitation, the following: (a) Whether Defendant failed to compensate the Wisconsin Class for all hours worked in a workweek; and (b) The nature and extent of class-wide injury and the measure of damages for the injury.

86.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency,

economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**FIRST CLAIM FOR RELIEF**
**Violations of the Fair Labor Standards Act of 1938, as Amended**
**(Plaintiff on behalf of herself and the FLSA Collective)**

87.     Plaintiff, on behalf of herself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

88.     At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

89.     At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

90.     At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

91.     Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

92.     Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay for each hour he/she worked in excess of forty (40) hours each workweek.

93.     Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay (at the proper and correct overtime rate of pay) for each hour she/he worked in excess of forty (40) hours each workweek.

94.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods

for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

95. Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

96. Defendant's failure to properly compensate Plaintiff and the FLSA Collective was willfully perpetrated. Defendant also has not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitle to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant acted in good faith or with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

97. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

98. Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

99.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

### SECOND CLAIM FOR RELIEF
### Violations of Wisconsin's Wage Payment and Collection Laws, as Amended
### (Plaintiff, on behalf of herself and the Wisconsin Class)

100.    Plaintiff, on behalf of herself and the Wisconsin Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

101.    At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

102.    At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

103.    At all relevant times, Defendant employed, and continue to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

104.    Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

105.    At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

106.    The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

107. Defendant willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked, including those in in excess of forty (40) hours a workweek, in violation of Wisconsin Wage Payment Laws.

108. As set forth above, Plaintiff and the Wisconsin Class has sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

109. Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former Sales Associates who worked at and/or were employed at Defendant informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated Sales Associates damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated Sales Associates damages in the form of reimbursement for unpaid agreed upon wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

g) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated Sales Associates liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

h) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated Sales Associates for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

i) Provide Plaintiff and all other similarly-situated Sales Associates with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 1st day of November, 2018.

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ *Scott S. Luzi* _____
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
dpotteiger@walcheskeluzi.com